**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-cr-27-1 |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| TIMOTHY G. SIMMS, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Before the Court are two motions filed by defendant Timothy Simms ("Simms"). Specifically, the Court will address herein Simms' motion for a suppression hearing (Doc. No. 58), and his motion to "dismiss and vacate sentence." (Doc. No. 59.) Plaintiff United States of America (the "government") opposes each motion. (Doc. No. 60 (Response to Motion to Dismiss and Vacate Sentence); Doc. No. 61 (Response to Motion for Suppression Hearing).) For the reasons set forth below, both motions are denied.

## I.    BACKGROUND

On July 31, 2023, the Court sentenced Simms to a custody term of 48 months, followed by three years of supervised release, upon his guilty plea to conspiracy to pass or utter counterfeit obligations, passing or uttering counterfeit obligations, and counterfeiting. (Doc. No. 41 (Judgment); *see* Minutes of Proceedings [non-document], 7/31/2023.)[1] Simms did not appeal his

---

[1] The sentence was to run concurrently with a 7-month sentence for a supervised release violation in N.D. Ohio Case No. 5:18-cr-581. (Doc. No. 41, at 2.)

sentence. He was released from custody on July 18, 2025, and commenced his term of supervised release.

A violation report was issued on January 16, 2026, alleging that Simms had violated the terms of his supervision by traveling outside the district without permission (Violation No. 2) and by testing positive for illicit substances (Violation No. 5). (Doc. No. 49 (Violation Report) at 1–2.)[2] The report also cited three new law violations: a September 30, 2025, state court indictment for identity fraud and grand theft (Violation No. 1); October 14, 2025, state charges for various traffic offenses, including driving while under the influence of alcohol or drugs (Violation No. 3); and an August 20, 2025, citation from the East Cleveland Police Department for driving without a license and making a prohibited left turn (Violation No. 4). (*Id.*) A warrant was issued for Simms' arrest, and he was taken into custody. (Doc. No. 52 (Arrest Warrant).)

On March 4, 2026, Simms made his initial appearance on the charged supervised release violations, during which Magistrate Judge Amanda Knapp appointed counsel for Simms and set a preliminary and detention hearing for March 12, 2026. (Minutes of Proceedings [non-document], 3/4/2026.) Simms subsequently moved for and received appointment of new counsel, and the detention hearing was continued. (Minutes of Proceedings [non-document], 3/13/2026.) On April 2, 2026, Magistrate Judge Knapp conducted the preliminary and detention hearing, at which time Simms requested permission to proceed *pro se*. After determining that Simms' waiver of counsel was knowingly and voluntarily made, the magistrate judgment permitted the *pro se* representation and appointed standby counsel for Simms. (Minutes of Proceedings [non-document], 4/2/2026.)

---

[2] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

At the conclusion of the hearing, the magistrate judge found probable cause for the supervised release violations and granted the government's motion for detention. A revocation hearing was set. (*Id*.)

At the conclusion of the revocation hearing on May 15, 2026, the magistrate judge found that the government had shown by a preponderance of the evidence that Simms had committed Violation Nos. 1, 2, and 5, and the government advised at that time that it would not pursue Violation Nos. 3 and 4. (Minutes of Proceedings [non-document], 5/15/2026.) The magistrate judge issued a report and recommendation ("R&R") recommending that the Court find that Simms violated the terms of his supervised release. (Doc. No. 62 (R&R).) A final revocation hearing is set for June 2, 2026.

## II.      MOTION TO DISMISS/VACATE

In his motion to dismiss and/or vacate, Simms appears to challenge the Court's authority to impose a term of supervised release, as well as the authority to set conditions for that supervision. He suggests that any laws imposed by a legislative body, such as Congress, are fraudulent and "repugnant to our United States Constitution[.]" (Doc. No. 59, at 2.) For example, with respect to Violation No. 2, he argues that "God made [him] a traveller [sic] [;] God created the land for [Simms] to do as [he] pleases." (*Id.* at 3.) Citing the Uniform Commercial Code, he asks that this Court "vacate the term of probation under UCC 1-103(b)." (*Id.*)

He also maintains that the state courts that issued the charges or citations that form the basis for Violation Nos. 1, 3, and 4 are "not allowed to hear cases of law[,]" making any violations resulting from such state charges fraudulent. (*Id*. at 2.)[3] It is his position that he has not been found

---

[3] As previously observed, the government is not pursuing Violation Nos. 3 and 4.

guilty "in a respectable court[,]" and he asks this Court "to remove these violations 1, 3, and 4[.]" (*Id.*) If the Court fails to remove the violations, he cautions that the Court will risk alienating his rights under common law, "the real law, the supreme law of the land." (*Id.*)

It is clear from his motion that Simms endorses the type of "meritless rhetoric" often employed by sovereign citizens. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases rejecting complaints based on claims of sovereign citizenship). As the Sixth Circuit has explained:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. . . . In general, sovereign citizens believe that the United States Government . . . is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (quotation marks and citation omitted); *see United States v. Bentley*,  No. 24-5433, 2025 WL 3642418, at *5 (6th Cir. Dec. 16, 2025) ("The sovereign citizen movement is amorphous and decentralized, but those who have studied the movement describe one of its central tenants as the belief that the modern federal government lacks jurisdiction over non-consenting individuals." (citations omitted)). Courts routinely reject such frivolous arguments "without extended [discussion]." *Bey v. McCandless*, No. 1:22-cv-554, 2023 WL 2972947, at *2 (N.D. Ohio Feb. 28, 2023) (quotation marks and citation omitted), *report and recommendation adopted in relevant part*, *Bey v. Officer McCandless*, 2023 WL 2704143 (N.D. Ohio Mar. 30, 2023); *see Davis v. McClain*, No. 2:19-cv-3466, 2019 WL 5853474, at *3 (S.D. Ohio Nov. 8, 2019) (collecting cases rejecting arguments by prisoners that federal or state governments have no jurisdiction over them because they are "sovereign citizens"). Simms offers no other challenge to the Court's jurisdiction to impose

4

supervised release and hear alleged violations of the terms of supervision.

"Congress has authorized district courts to include supervised release as part of a defendant's sentence, even in the case where the statute violated does not mandate a term of supervised release." *United States v. Ossa-Gallegos*, 491 F.3d 537, 539–40 (6th Cir. 2007) (citing 18 U.S.C. § 3583(a)). "In addition to specific, enumerated conditions that the district court must impose as part of supervised release, 18 U.S.C. § 3583(d) provides that "the court may order, as a further condition of supervised release . . . any other condition it considers to be appropriate," provided it is reasonably related to the sentencing factors in 18 U.S.C. § 3553, consistent with the relevant policy statements issued by the United States Sentencing Commission, and does not result in a deprivation of liberty greater than necessary. *Id.* (cleaned up).

The discretion (and, in certain instances, the duty) to impose conditions on terms of supervision includes the power to restrict travel, prescribe the consumption of illicit substances, and prohibit future violations of federal and state law. 18 U.S.C. § 3583(d) ("The court *shall* order, as an explicit condition of supervised release that the defendant not commit another Federal, State, or local crime during the term of supervision[.]" (emphasis added)); *see United States v. Vaughn*, 119 F.4th 1084, 1088 (6th Cir. 2024) ("When issuing mandatory conditions, district courts *must* impose non-treatment drug testing on the defendant as part of supervised release." (citing 18 U.S.C. § 3583(d)) (emphasis supplied by Sixth Circuit); *Turns v. United States*, No. 2:99-cr-104(1), 2005 WL 1847209, at *17 (S.D. Ohio Aug. 2, 2005) (district court did not abuse its "broad discretion in imposing special conditions of supervised release" by requiring regular drug testing (quotation marks and citation omitted)); *United States v. Alexander*, 509 F.3d 253, 256–57 (6th Cir. 2007) (district court did not err in imposing travel restrictions); *see also United States v.*

5

*Clements*, No. 25-3640, 2026 WL 228735, at *2 (6th Cir. Jan 28, 2025) ("When criminal defendants commit new crimes during a period of supervised release, district courts have discretion to revoke that release and impose a sentence of imprisonment." (citing 18 U.S.C. § 3583(e)(3)); *United States v. Horn*, No. 25-3147, 2025 WL 3070315, at *3 (6th Cir. Nov. 3, 2025) ("district courts possess 'broad discretion to impose appropriate conditions of supervised release'" (quoting *United States v. Ritter*, 118 F.3d 502, 506 (6th Cir. 1997)).

Moreover, Fed. R. Crim. P. 32.1 sets forth the procedure for revoking or modifying a term of supervision. Under Rule 32.1(b)(1)(A), a person, like Simms, who is alleged to have violated his conditions of supervised release is entitled to a preliminary hearing "to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A). If the magistrate judge finds probable cause exists, the judge "must conduct a revocation hearing." Fed. R. Crim. P. 32.1(b)(1)(C). Here, the magistrate judge has made a finding of probable cause to believe that a violation has occurred, and has recommended that the Court find Simms has violated his supervised release. The Court will conduct a final revocation hearing on June 2, 2026, at which time Simms may challenge the charged violations. Sims has, therefore, received and continues to receive the process due him under the law and the United States Constitution.

Given the Court's clear authority to impose a term of supervised release, set conditions for that supervision, and adjudicate violations of the terms of supervision, Simms' arguments to the contrary amount to "meritless rhetoric" that the Court may summarily reject. *See Coleman*, 871 F.3d at 476. Accordingly, Simms' motion to dismiss and/or vacate his term of supervised release is denied.

### III.    MOTION FOR A SUPPRESSION HEARING

Relying on many of the same theories and beliefs associated with the sovereign citizen movement, Simms also seeks a suppression hearing. He does not indicate what, if any evidence, he seeks to suppress. Rather, during such a hearing, Simms suggests that he and the government will explore whether there exists a valid contractual agreement between himself and the government and whether he lawfully consented to be bound by the jurisdiction of the United States. (Doc. No. 58, at 2.) He asks that the Court recognize him as a "higher class citizen" who is "a citizen of the several states of the Union and not a U.S. citizen or prove [him] otherwise." (*Id*. at 3.) These arguments are entirely devoid of merit, and the Court need not seriously entertain them. *See Coleman*, 871 F.3d at 476; *see, e.g., Cook v. Kellogg Cmty. Credit Union,* No. 1:23-cv-843, 2024 WL 3607638, at \*2 (W.D. Mich. June 26, 2024) (observing that "arguments based on sovereign citizen theories have been uniformly rejected by federal courts for decades and should be summarily dismissed as frivolous" (citation omitted)), *report and recommendation adopted by* 2024 WL 3594638 (W.D. Mich. July 31, 2024).

Additionally, the Court finds no basis in the law for permitting a suppression hearing in the context of the present supervised release violation proceedings. "As a foundational matter, supervised release violations are *not* criminal proceedings." *United States v. Marcum*, No. 6:09-cr-8, 2019 WL 3307047, at \*3 (E.D. Ky. July 22, 2010) (citing *United States v. Riley*, 920 F.3d 200, 207–08 (4th Cir. 2019) (emphasis added)); *see United States v. Neal*, 512 F.3d 427, 434 (7th Cir. 2008) (similar) (citations omitted). And the Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." *Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 359, 118 S. Ct. 2014, 141 L. Ed. 2d 344 (1998) (citation omitted). This

7

hesitation to extend the exclusionary rule applies to revocation proceedings due to the government's "'overwhelming interest' in ensuring that a parolee complies with [the terms of supervised release] and is returned to prison if he fails to do so." *Id*. at 365 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 483, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). As such, suppression is rarely afforded in revocation proceedings. *Id*. (explaining that "[t]he exclusion of evidence establishing a parole violation . . . hampers the State's ability to ensure compliance [with the terms of supervision] by permitting the parolee to avoid the consequences of his noncompliance"); *see United States v. Robinson*, 63 F.4th 530, 536 (6th Cir. 2023) (joining majority of courts holding that "the exclusionary rule does not apply in supervised-release proceedings." (collecting circuit cases)). Simms' request for a suppression hearing is denied.

Through the present suppression motion, Simms also appears to request discovery. In particular, he requests a copy of his probation officer's job description, the sentencing hearing transcript, and a subpoena from the supervisor of the East Cleveland police officer who issued the traffic citations identified in Violation No. 4 indicating Simms "explained [his] sovereignty" to her and "stated [he] was a traveller [sic]." (*Id*. at 2–3.)[4]

In the context of supervised release proceedings, a defendant "is entitled to[,]" as relevant here, "disclosure of evidence against the person" and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(B) & (E). However, courts are hesitant to "turn a hearing-based right to present mitigating evidence into an unrestricted right to pre-hearing discovery." *United States v. Johnson*, 356 F. App'x 785, 789 (6th Cir. 2009). A district court, therefore, does not abuse its discretion by denying a discovery-based motion in the context

---

[4] Again, the government is not pursuing Violation No. 4.

of a supervised release hearing where the defendant does not demonstrate that he is "likely to uncover mitigating evidence material to his case[.]" *Id*. at 789–90.

Here, Simms has failed to demonstrate that the requested materials will lead to mitigating evidence material to the charged supervised release violations. Nevertheless, the Court instructs the Clerk of Courts to provide Simms with a copy of the docket and instructions for obtaining transcripts of the proceedings in this matter at his expense. With that limited exception, Simms' request for discovery is denied.

## IV.    CONCLUSION

For the foregoing reasons, Simms' motion to dismiss and/or vacate his period of supervised release (Doc. No. 59) and his motion for a suppression hearing (Doc. No. 58) are denied. The Clerk is directed to send Simms a copy of the docket and instructions for purchasing transcripts.

**IT IS SO ORDERED**.

Dated: May 22, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**